Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 210209-134261
DATE: July 30, 2021

ORDER

The request for a waiver of the recovery of an overpayment of Department of Veterans Affairs (VA) benefits in the amount of $77,147.00 was not timely filed; the appeal is denied.

FINDINGS OF FACT

1. In a November 2017 letter, the Veteran was notified that he owed a debt of $77,147.00; the letter stated that the Veteran could request a waiver of the recovery of the debt within 180 days.

2. In December 2020, the Veteran requested a waiver of the recovery of the debt. 

3. There was no delay in the Veteran's receipt of the notification of indebtedness as a result of VA or postal authority error, or due to other circumstances beyond the debtor's control.

CONCLUSION OF LAW

The Veteran's application for a waiver of recovery of overpayment of VA benefits in the amount of $77,147.00 was not timely filed. 38 U.S.C. § 5302 (a); 38 C.F.R. § 1.963 (b)(2).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

This appeal comes to the Board of Veterans' Appeals (Board) from a January 2021 decision of the Committee on Waivers and Compromises (Committee) of the Agency of Original Jurisdiction (AOJ). In February 2021, the Veteran timely appealed this decision to the Board of Veterans' Appeals (Board) and the Veteran then elected Direct Review by Veteran Law Judge. See February 2021 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement). Thus, the Board can only consider the evidence available to the AOJ at the time of the 2019 decision. See 38 C.F.R. §§ 20.202 (b)(1), (c)(1), 20.301.

1. Whether the request for a waiver of the recovery of an overpayment of VA pension benefits in the amount of $77,147.00 was timely

Under applicable criteria, a request for waiver of an indebtedness shall only be considered if made within 180 days following the date of a notice of indebtedness to the debtor. The 180-day period may be extended if the individual requesting waiver demonstrates, as a result of error by either the VA or the postal authorities, or due to other circumstances beyond the debtor's control, there was a delay in such individual's receipt of the notification of indebtedness beyond the time customarily required for mailing. If the debtor does substantiate there was such a delay in the receipt of the notice of indebtedness, the 180-day period shall be computed from the date of the debtor's actual receipt of the notice of indebtedness. 38 U.S.C. § 5302 (a); 38 C.F.R. § 1.963 (b)(2). 

In October 2017, the Veteran as informed that his VA pension benefits were being retroactively reduced. He was provided information regarding how to appeal this action and was furnished a VA Form 21-4107. That form advised the Veteran that he had one year to appeal the determination. In a November 2017 letter, the Veteran was notified that he owed a debt of $77,147.00. The letter stated that the Veteran could request a waiver of the recovery of the debt in certain circumstances. He was informed that he had 180 days to request a waiver of the recovery of this debt. 

The Veteran requested a waiver of the recovery of the debt over three years later in December 2020. The Veteran's request was denied as it was not received within 180 days of the notification letter. In conjunction with his appeal, the Veteran has not presented any assertions regarding the delay in requesting a waiver of the recovery of the debt. 

Because there is no evidence in the record establishing that there was a delay in the Veteran's receipt of the notification of indebtedness as a result of an error by either VA or the postal authorities, or due to other circumstances beyond the Veteran's control, the Board concludes that the Veteran did not timely request a waiver of recovery of an overpayment of VA benefits. 

 

 

S. L. Kennedy

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Connolly, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.